1  **HUMPHREY & PETERSEN, P.C.**                                       file#39001.0001/1425
        3861 E. THIRD STREET
2         TUCSON, ARIZONA 85716
        TELEPHONE: 520-795-1900
3

Marshall Humphrey, III, State Bar No. 5098
4        marshall.humphrey@azbar.org
Andrew J. Petersen, State Bar No. 016699
5        andrew.petersen@azbar.org
    Attorneys for Town of Marana, Tometich, Bennett, Ritter, Able, Fane, Williams,
6     Montgomery, Brunenkant and Cassidy

7                IN THE UNITED STATES DISTRICT COURT

8                       DISTRICT OF ARIZONA

9

| | |
|---|---|
| STEVEN J. BLOMQUIST and SHARYL V. CUMMINGS, husband and wife | CASE NO.: 4:09-CV-671 |
| Plaintiffs, | |
| v. | **MOTION TO DISMISS OR IN THE ALTERNATIVE STAY PROCEEDINGS** |
| TOWN OF MARANA, an Arizona Municipal Corporation, T. P. ("Terry") and JANE DOE TOMETICH, husband and wife, JOHN DOE BENNETT and JANE DOE BENNETT, husband and wife, JOHN DOE RITTER and JANE DOE RITTER, husband and wife, ROBERTO (Able - Last Name Unknown) and JANE DOE ABLE, husband and wife, JOHN DOE FANE and JANE DOE FANE, husband and wife, M. WILLIAMS and JANE DOE WILLIAMS, husband and wife, JOHN DOE MONTGOMERY and JANE DOE MONTGOMERY, husband and wife, TIM BRUNENKANT and JANE DOE BRUNENKANT, husband and wife, FRANK CASSIDY and JANE DOE CASSIDY, husband and wife; et al., | |
| Defendants. | |

**I.   Introduction:**

The Defendants[1] request that this Court dismiss or stay this case until a final decision is reached in two other proceedings involving the same disputed land easement and involving these same Plaintiffs.

Plaintiffs in this action are also among the Plaintiffs in another action pending in Pima County Superior Court. (Pima County Case No. C2009-4273) (Complaint, Exhibit A; Answer, Exhibit B) and the a related proceeding is pending in bankruptcy court (Adversary Proceeding 4:09-AP-01257-EWH).  The disputed land easement is at the heart of those proceedings and forms the basis of this lawsuit.  In particular, the state court proceeding will determine whether the Town of Marana could lawfully abandon the public easement as it did on May 21, 2009.  If the Town could lawfully abandon the easement, Plaintiffs' continued picketing on the easement and citations for trespass did not violate any of their constitutional rights as claimed in this litigation.

**II.   Underlying facts common to the proceedings:**

In 1986 several property owners in now what is the Saguaro Ranch area of the Tortolita Mountains recorded a purported "public easement" document, describing a Jeep trail which provided physical access to several of the properties in the area.  The public easement began near the north end of the Thornydale Road public right-of-way and ended at what is now McClintock's Restaurant in the Saguaro Ranch Development.  The western portion of Saguaro Ranch was annexed into Marana in July 2003. (Ordinance number 2003.14.) This includes the entire portion of the disputed easement except for its initial connection to Thornydale Road which was annexed in 1990 by ordinance number 90.10.

---

[1] The Defendants have not been served, but this lawsuit was brought to its attention by the Plaintiffs during a Town Council meeting on December 1, 2009.

1   On June 3, 2008, a declaratory judgment action was filed against Saguaro Ranch, Pima County Case No. C2008-3779.  On August 12, 2008, Pima County Superior Court action, Judge John Davis held:

> "Which party will succeed at trial on the merits rests upon whether or not the Town of Marana has or will exercise its prerogatives pursuant to A.R.S. § 9-240(3)e. The record made at this hearing is sparse regarding the Town's position on abandonment. The letter of May 1, 2008 quoted earlier does not resolve the issue.  The record is insufficient to support Plaintiffs' case for injunctive relief.  Public policy would disfavor a ruling by a Court on the core issue of abandonment of a public easement where the Town has the prerogative to abandon or not abandon at any time pursuant to A.R.S. § 9-240(3)e."  (Exhibit D)

Before there was any conclusion to those proceedings, Saguaro Ranch filed for bankruptcy under Chapter 11.   That pending superior court case was then removed to the United States Bankruptcy Court, Case No. 4:09-BK02490-EWH, Adversary number 4:09-AP-01257-EWH and consolidated with related cases involving the same issue and involving the same Plaintiffs as this case. (Adversary No. 4:09-AP-01262 EWH and Adversary No. 4:09-AP-01263 EWH).

On May 21, 2009 the Marana Town Council adopted a resolution of abandonment at a special Council meeting.  On June 5, 2009, Plaintiffs in this action, along with others, filed a second lawsuit in Pima County Superior Court against the Town of Marana challenging the Town's authority to abandon the easement.  (Case No. C2009-4273.)  The Town of Marana has filed a Motion for Judgment on the Pleadings citing 114 years of Arizona law that should be dispositive of the issue.  (Exhibit C)

**III.   Until the State Court determines whether the Town of Marana could abandon the public easement, this Court should stay these proceedings.**

The easement should be determined in Pima County Superior Court, Case No. 2009-4273.  This lawsuit is only possible if Plaintiffs prevail in that litigation.  The basis of this

1  lawsuit is that the Plaintiffs were issued citations and/or arrested after they continued to

2  protest on the property that they claim was or is part of the disputed easement.² The Town

3  anticipates that the state proceeding will be determinative of this lawsuit when the state

4  court decides that the Town could abandon the public easement within its jurisdiction.

5        Generally a federal court can dismiss or stay an action where there are ongoing state

6  judicial proceedings, those proceedings involving important state interests, and there is an

7  adequate opportunity for the Plaintiffs to address their claims in the state court. A stay or

8  abstention reflects the interests of judicial economy, comity, and federalism. *Younger*

9  abstention, *Colorado River* abstention, and *Pullman* abstention are several of the doctrines

10 that federal courts may use to abstain from hearing an action. *See, e.g.,* Chemerinksy,

11 Federal Jurisdiction Chapters 12-14; *Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir.

12 2004)(en banc); *Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001)(en banc); *Attwood*

13 *v. Mendocino Coast Dist. Hosp.*, 886 F.2d 241, 243 (9th Cir. 1989). As discussed in

14 *Gilbertson*, a case does not need to be pigeonholed under any specific doctrine, but a case

15 can be dismissed or stayed as necessary.

16       The requirements under *Younger* abstention are met here. There is an ongoing state

17 proceeding, it implicates important state interests, and the state court provides an adequate

18 forum for Plaintiffs to litigate any federal claims. This Court should defer to the state court

19 in the interests of judicial economy, comity and federalism and dismiss or stay this matter

20 pending a resolution of the state court proceeding.

21       DATED this 29TH day of DECEMBER, 2009.

---

²The latest citation against Mr. Blomquist on 11/13/09 is also currently pending in municipal court.

|   |   |
|---|---|
| BY: | HUMPHREY & PETERSEN, P.C. |
|   | *s/Andrew J. Petersen* |
|   | ANDREW PETERSEN |
|   | Attorneys for Town of Marana |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 29, 2009, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Stephen M. Weeks
Weeks & Laird PLLC
2223 E. Speedway
Tucson AZ 85719
Attorney for Plaintiffs

s/Andrew J. Petersen

_____
H:\MHFILES\390011\MOTION.STAY.PROCEEDINGS.WPD