1  **HUMPHREY & PETERSEN, P.C.**                                file#39001.0001/1425
       3861 E. THIRD STREET
2      TUCSON, ARIZONA 85716
       TELEPHONE: 520-795-1900
3

   Marshall Humphrey, III, State Bar No. 5098
4          marshall.humphrey@azbar.org
   Andrew J. Petersen, State Bar No. 016699
5          andrew.petersen@azbar.org
       Attorneys for Town of Marana, Tometich, Bennett, Ritter, Jimenez, Fane, Williams,
6      Montgomery, Brunenkant and Cassidy

7                     IN THE UNITED STATES DISTRICT COURT

8                              DISTRICT OF ARIZONA

9

10 | STEVEN J. BLOMQUIST and SHARYL        )
   | V. CUMMINGS, husband and wife         )   CASE NO.: 4:09-CV-671
11 |                                       )
   |         Plaintiffs,                   )
12 | v.                                    )
   |                                       )
13 | TOWN OF MARANA, an Arizona            )
   | Municipal Corporation, T. P. ("Terry") and  )   ANSWER
14 | JANE DOE TOMETICH, husband and wife,  )
   | JOHN DOE BENNETT and JANE DOE         )
15 | BENNETT, husband and wife, JOHN DOE   )
   | RITTER and JANE DOE RITTER, husband   )   Jury Trial Demanded
16 | and wife, ROBERTO (Able - Last Name   )
   | Unknown) and JANE DOE ABLE, husband   )
17 | and wife, JOHN DOE FANE and JANE DOE  )
   | FANE, husband and wife, M. WILLIAMS   )
18 | and JANE DOE WILLIAMS, husband and    )
   | wife, JOHN DOE MONTGOMERY and         )
19 | JANE DOE MONTGOMERY, husband          )
   | and wife, TIM BRUNENKANT and          )
20 | JANE DOE BRUNENKANT, husband          )
   | and wife, FRANK CASSIDY and JANE      )
21 | DOE CASSIDY, husband and wife; et al.,)
   |                                       )
22 |         Defendants.                   )
   | _____ )
23

24

25

None of the Defendants have been served with the Complaint but initially requested that the Court abstain/dismiss this matter pending a resolution of the pending state case. Since the motion was denied, these Defendants answer the allegations of the Complaint as follows:

1. Answering paragraph 1, admit that the Court has subject matter jurisdiction.
2. Answering paragraph 2, admit that the Court has discretion to exercise supplemental jurisdiction over any state law claims.
3. Answering paragraph 3, admit upon information and belief.
4. Answering paragraph 4, admit.
5. Answering paragraph 5, these Defendants are without sufficient information to admit or deny, therefore, this is denied.  These Defendants have provided the names of the officers named in the Complaint.
6. Answering paragraph 6, admit.
7. Answering paragraph 7, these Defendants are without sufficient information to admit or deny, therefore, this is denied.
8. Answering paragraph 8, these Defendants admit Officer Bennett is an Officer with the Town of Marana Police Department.
9. Answering paragraph 9, these Defendants are without sufficient information to admit or deny, therefore, this is denied.
10. Answering paragraph 10, these Defendants admit Officer Ritter is an Officer with the Town of Marana Police Department.
11. Answering paragraph 11, these Defendants are without sufficient information to admit or deny, therefore, this is denied.
12. Anwering paragraph 12, these Defendants are without sufficient information to

1    admit or deny, therefore, this is denied.
2  13. Answering paragraph 13, these Defendants are without sufficient information to
3      admit or deny, therefore, this is denied.
4  14. Answering paragraph 14, these Defendants admit Officer Williams is an Officer
5      with the Town of Marana Police Department.
6  15. Answering paragraph 15, these Defendants are without sufficient information to
7      admit or deny, therefore, this is denied.
8  16. Answering paragraph 16, these Defendants admit Officer Montgomery is an Officer
9      with the Town of Marana Police Department.
10 17. Answering paragraph 17, these Defendants are without sufficient information to
11     admit or deny, therefore, this is denied.
12 18. Answering paragraph 18, these Defendants admit that Officer Brunenkant is an
13     Officer with the Town of Marana Police Department.
14 19. Answering paragraph 19, these Defendants are without sufficient information to
15     admit or deny, therefore, this is denied.
16 20. Admit.
17 21. Answering paragraph 21, these Defendants are without sufficient information to
18     admit or deny, therefore, this is denied.
19 22. Answering paragraph 22, these Defendants are without sufficient information to
20     admit or deny, therefore, this is denied
21 23. Answering paragraph 23, admit upon information and belief.
22 24. Answering paragraph 24 through 38, these Defendants these Defendants are without
23     sufficient information to admit or deny, therefore, these are denied.
24 25. Answering paragraph 39, admit.
25

1  26.  Answering paragraph 40, admit.
2  27.  Answering paragraph 41, these Defendants are without sufficient information to
3        these Defendants are without sufficient information to admit or deny, therefore, this
4        is denied.
5  28.  Answering paragraph 42 through 44, Mr. Cassidy's testimony speaks for itself.
6  26.  Answering paragraph 45, admit.
7  27.  Answering paragraph 46, admit.
8  28.  Answering paragraph 47, these Defendants are without sufficient information to
9        admit or deny, therefore, this is denied.  Plaintiffs did not have a right then or now to
10       protest on the easement.
11 29.   Answering paragraph 48, these Defendants are without sufficient information to
12       admit or deny, therefore, this is denied.
13 30.  Answering paragraph 49, these Defendants are without sufficient information to
14       admit or deny, therefore, this is denied.
15 31.  Answering paragraph 50, admit that the Town abandoned the easement.
16 32.  Answering paragraph 51, these Defendants are without sufficient information to
17       admit or deny, therefore, this is denied.
18 33.  Answering paragraph 52, admit.
19 34.  Answering paragraph 53, these Defendants are without sufficient information to
20       admit or deny, therefore, this is denied.
21 35.  Answering paragraph 54 through 57, these Defendants are without sufficient
22       information to admit or deny, therefore, these are denied.
23 36.  Answering paragraph 58, admit.
24 37.  Answering paragraph 59, admit.
25                                               4

38. Answering paragraph 60 through 62, these Defendants are without sufficient information to admit or deny, therefore, this is denied.

39. Answering paragraph 63, admit that the Town rightfully abandoned the easement.

40. Answering paragraph 64, admit upon information and belief.

41. Answering paragraph 65 through 66 denied.

42. Answering paragraphs 67 through 73, these Defendants are without sufficient information to admit or deny, therefore, these are denied.

43. Answering paragraphs 74 through 77, denied.

44. Answering paragraphs 78 through 83, these Defendants are without sufficient information to admit or deny, therefore, these are denied.

45. Answering paragraph 84, denied.

46. Answering paragraphs 85 through 104 , these Defendants deny any wrongdoing but are without sufficient information to admit or deny other information, therefore, these are denied.

47. Answering paragraph 105 through 109, these are denied.

48. Answering paragraph 110, these Defendants are without sufficient information to admit or deny, therefore, this is denied.

49. Answering paragraph 111 through 171, these Defendants deny any wrongdoing or "trumped up charges" and these Defendants are without sufficient information to admit or deny, therefore, these are denied.

50. Answering paragraph 172 through 195, denied.

51. Answering paragraphs 197 through 199, the records speak for themselves.

52. Answering paragraphs 200 through 204, these Defendants are without sufficient information to admit or deny, therefore, these are denied.

5

1  53. Answering paragraphs 204 through 269, these defendants deny any wrongdoing or conspiracy to deprive the Plaintiffs of any constitutional rights.  Plaintiffs admit that they continued to trespass on the easement and provoke law enforcement to respond even after the easement had been explicitly abandoned.  Plaintiffs had no plausible basis for continuing to trespass.  There is no constitutional right to trespass or conduct a public protest on private property.

51. Answering paragraph 270, the Defendants incorporate the earlier responses.

52. Answering paragraph 271, 42 U.S.C. Section 1983 speaks for itself but it does not confer any substantive rights.

53. Answering paragraph 272, admit.

54. Answering paragraph 273 deny that any of Plaintiffs' constitutional rights have been violated.

55. Answering paragraph 274 through 276, denied.

56. Answering paragraph 277, the Defendants incorporate the prior responses.

57. Answering paragraph 278 through 282, denied.

58. Answering paragraph 283, the Defendants incorporate the prior responses.

59. Answering paragraph 284 through 286, denied.

60. Answering paragraph 287, the Defendants incorporate the prior responses.

61. Answering paragraph 288 through 291, denied.

62. Answering paragraphs 292, the Defendants incorporate the prior responses.

63. Answering paragraphs 293 through 300, denied.

64. Answering paragraph 301, the Defendants incorporate the prior responses.

65. Answering paragraph 302, 42 U.S.C. Section 1983 speaks for itself but it does not confer any substantive rights.

66. Answering paragraph 303, admit.
67. Answering paragraph 304 through 307, denied.
68. Answering paragraph 308, the Defendants incorporate the prior responses.
69. Answering paragraphs 309, 42 U.S.C. Section 1983 speaks for itself but it does not confer any substantive rights.
70. Answering paragraph 310, admit.
71. Answering paragraph 311 through 314 denied.
72. A jury trial is demanded on all allegations.

## AFFIRMATIVE DEFENSES

1. Lack of personal jurisdiction.
2. Failure to effect proper service.
3. Justification and Probable cause.
4. Defendants did not violate any of Plaintiffs' constitutional rights.
4. Failure to state a claim upon which relief can be granted.
5. Other non-parties may have caused/contributed to Plaintiffs' damages.
7. Defendants acted reasonably and in good faith.
8. Immunity both qualified and absolute.
9. Plaintiffs' action may be subject to res judicata/collateral estoppel.
10. Plaintiff's damages were caused by their own culpable conduct.

DATED this 2nd day of March, 2010.

7

|   |   |
|---|---|
| 1 | HUMPHREY & PETERSEN, P.C. |
|   | BY: *s/Andrew J. Petersen* |
| 2 | ANDREW PETERSEN |
|   | Attorneys for Town of Marana |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2010, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Stephen M. Weeks
Weeks & Laird PLLC
2223 E. Speedway
Tucson AZ 85719
Attorney for Plaintiffs


                              s/Andrew J. Petersen

_____
C:\ANSWER.wpd